UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN THE MATTER OF THE COMPLAINT

of

TARA A. PINAND, as owner of a 21' 1999 Rivera Cruisers Pontoon Boat for Exoneration From or Limitation of Liability,

Petitioner.

---

08 CIV. 3686

Civil Action No.: 08 CV

COMPLAINT FOR
EXONERATION FROM OR
LIMITATION OF
LIABILITY

---

TARA A. PINAND (hereinafter "Petitioner), by her attorneys, PISCIOTTI, MALSCH & BUCKLEY, P.C., for her Complaint seeking Exoneration from or Limitation of Liability, alleges, upon information and belief, as follows:

1.   This is a proceeding for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. § 30501 et seq., involving admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and Rule "F" of the Supplemental Rules for Certain Admiralty and Maritime Claims, as hereinafter more fully appears.

2.   Petitioner, TARA A PINAND's address is 11 Pima Ct., Ringwood, New Jersey 07456.

3.   Petitioner is the owner of a 1999 twenty (20) foot Riviera cruiser pontoon-style vessel (Mfg. ID# RCD6876OI899) ("Pontoon-Style Vessel").

4.   On or about June 29, 2007, Frank J. Dieber, Jr. was operating a 1988 20-foot Formula SRI boat ("Formula 1 Boat") on Greenwood Lake, in Orange County, New York.

1

5. Frank Dieber, Jr. was operating the Formula 1 Boat with the knowledge, consent, permission (implied or actual), authorization, acquiescence, agreement, assent, awareness, and/or understanding of his father, Frank Dieber, Sr.

6. Frank Dieber, Sr., knew, or had reason to know, that his son was operating the boat while legally intoxicated and in a dangerous and/or reckless manner on Greenwood Lake, Orange County, New York.

7. On or about June 29, 2007, a collision between Frank J. Dieber, Sr.'s Formula SR1 Boat, operated while intoxicated by Frank J. Dieber, Jr., was involved in a collision with Petitioner's Pontoon Style Vessel on the navigable waters of Greenwood lake, allegedly causing injury to persons on board the pontoon-type boat, including Angela M. Norcia.

8. At the time of the aforesaid incident, Petitioner on board the Pontoon Style Vessel, which was anchored and "floating" in Greenwood Lake with all of its lights on.

9. At the time of the aforesaid incident, Petitioner was not operating the Pontoon Style Vessel as the vessel was anchored with all lights on and engines off.

10. Mr. Frank J. Dieber, Jr., in his intoxicated state, caused the collision when the Formula SR1 boat struck the Pontoon Style Vessel.

11. Subsequently, Angela M. Norcia commenced an action in the Supreme Court of the State of New York, County of Orange, bearing index No. 7230/07, against the Petitioner, Frank J. Dieber, Sr., and Frank J. Dieber, Jr. for alleged injuries arising out of this incident.

12. Any claim or claims were not due to any fault, neglect, or want of care on the part of Petitioner and occurred without Petitioner's privity or knowledge.

13. Any claim or claims were due solely to the fault, neglect, and/or want of care on the part of Frank J. Dieber, Sr. and Frank J. Dieber, Jr.

14. The post-casualty value of the Pontoon-Style Vessel was determined to be $5,440.00 (**EXHIBIT A,** Certificate of Market Valuation by Oceanis Marine Services Inc.).

15. Petitioner, pursuant to Supplementary Rule F of the Federal Rules of Civil Procedure, offers a business check from Sullivan & Strauss Agency, Inc., by and on behalf of SkiSafe insurance, payable to Clerk of Court for the Southern District of New York in the amount of $5,440.00 as *Ad Interim* Security. As indicated in **Exhibit A,** the Vessel's post casualty value is $5,440.00, representing the value of Petitioner's interest in the Vessel's on the date of the accident and there being no pending freight. (**EXHIBIT B,** *Ad Interim* Security).

16. Venue in this district is proper as the alleged accident occurred in this district, and the state court lawsuit filed by Angela M. Norcia against Petitioner is in the Supreme Court of the State of New York, County of Orange, bearing Index No. 7230/07.

17. Petitioner is entitled to Exoneration from liability for any claims arising from the accident and from any and all claims that have been or may hereafter be made, and Petitioner alleges that he has valid defenses thereto on the facts and law.

18. Petitioner claims, in the alternative, the benefit of Limitation of Liability provided by 46 U.S.C. §30501 et. seq. and the various statuses supplementary thereto and amendatory thereof.

19. Petitioner has provided security in the form of an *Ad Interim* Security sufficient to cover her interest in the post-casualty value of the Pontoon-Style Vessel ("*Ad Interim* Security") for payment into Court, whenever the same shall be ordered, as provided for by the aforesaid statute and by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and by the rules and practices of this Court.

**WHEREFORE,** Petitioner prays:

(1) That this Court adjudge that Petitioner is not liable for any loss, injury, or damage arising out of the accident, therefore entitled to exoneration from liability;

(2) If Petitioner is adjudged liable, that such liability be limited to the value of his interest in the maximum amount of $5,440.00 and that Petitioner be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured as aforesaid, to be divided pro-rata according to the above-mentioned statutes among such Claimants as may duly prove their claim, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner from all further liability;

(3) That this Court issue an Order to include the following:

(a) Directing the issuance of Notice to all persons asserting claims with respect to this petitioner arising or resulting from the alleged accident, which this Complaint seeks Exoneration from or Limitation of Liability, to file their respective claims with the Clerk of this Court and to serve on Petitioner's undersigned counsel a copy thereof on or before a date to be named in the Notice.

(b) Directing Petitioner to file an *Ad Interim* Security, as security for the benefit of any and all Claimants, in the amount of Petitioner's interest in the Vessel as of the date of the accident.

   (c) Directing that upon Petitioner's filing of an *Ad Interim* Security, an injunction shall issue enjoining the prosecution against Petitioner, and the Pontoon-Style Vessel, of any and all claims, suits, actions or proceedings whether or not already begun, with respect to the incident, expect in this proceeding.

 (4) That Petitioner may have such other and further relief as the justice of the cause may require.

Dated: White Plains, New York
   April 17, 2008

              Respectfully submitted,
              PISCIOTTI, MALSCH & BUCKLEY, P.C.

        By: _____
              Jeffrey M. Malsch (JM 3694)
              444 Hamilton Avenue, Suite 1102
              White Plains, New York 10601
              Telephone: (914) 287-7711
              Facsimile: (914) 287-7715

TO: Mr. James E. Mercante, Esq.
   Mr. Yoon Sang (Robert) Han, Esq.
   RUBIN, FIORELLA & FRIEDMAN LLP
   *Attorneys for Frank Dieber, Sr.*
   292 Madison Avenue, 11th Floor
   New York, New York 10017

   Mr. Thomas P. Giuffra, Esq.
   BARTON BARTON & PLOTKIN, LLP
   *Attorneys for Angela Norcia*
   420 Lexington Avenue
   New York, New York 10170

   Mr. Joseph P. Petrizzo, Esq.
   DePROSPO, PETRIZZO & LONGO
   *Attorneys for Frank J. Dieber, Jr.*
   42 Park Place
   Goshen, New York 10924

Exhibit A

**Survey Report Number  OMS112007PIN**          **Date November 25, 2007**

Ski-Safe Insurance
Lake Success, NY
Attention: Jay Blond

Re: Damage Survey
Claim Number: 200-898
D/L   June 1, 2007

### Final Report

This is to certify that the undersigned marine surveyor, did on November 20, 2007 at the request of Ski-Safe Insurance, for the account of *Tara Pinand* did conduct a damage survey of the below named vessel, while it was on its trailer at 11 Pima Court located in Ringwood, New Jersey, in order to determine the nature and extent of damage alleged to have occurred during a collision with another vessel while sitting at rest in Greenwood Lake on or about June 1, 2007

### Attending Survey

Capt. Charles Gruetzner, AMS Marine Surveyor
Ms. Tara Pinand, owner of the vessel
Mr. Jeffrey Malsch, attorney for Ski-Safe Insurance

Description of Vessel

Make: 1999 Rivera Cruisers Pontoon Boat
Registered Owner(s):     Tara Pinand
Address:                 11 Pima Court
                         Ringwood, New Jersey 07456
HIN#  RCD68761899
Registration Number:  Unknown
Length        21'                Beam: 8'6"

### Incident As Reported

Insured claims to have been sitting at rest at approximately 1 AM on the morning of June 1, 2007 when they were struck on the starboard forward quarter by a speedboat

### Circumstances of Survey

The assigned surveyor inspected the vessel with Ms. Tara Pinand, the owner of the vessel, and Mr. Jeffrey Malsch, the attorney for the Ski-Safe Insurance Company.  The vessel was on its trailer giving the surveyor the ability to fully observe all conditions of the hull, deck and sides of the vessel.  The inspection showed that there was severe damage to the vessel as a result of the collision. The starboard side railing and siding is damaged, as is the port side, the forward gate is missing, the helm console has fiberglass damage, the seating throughout

Copyright © 2007                                     Oceanis Marine Services Inc.

the forward deck area is damaged. The plywood decking and corresponding carpeting are damaged by the point of impact of the second vessel. The port side pontoon was damaged when the insured vessel was being towed back into port.

**Damage**

| Found | Recommend |
|---|---|
| All seating damaged and broken | Remove, and Replace |
| Starboard siding damaged | Remove, and Replace |
| Port side rail and siding damaged | Remove, and Replace |
| Curved bow corners missing | Replace both |
| Plywood decking damaged | Replace damaged area only |
| Deck carpeting damaged | Remove and Replace |
| Steering console damaged | Repair fiberglass damage |
|  |  |
|  |  |

**Cost of Repairs**

| Item | Cost of Materials | Labor | Total |
|---|---|---|---|
| Remove, and replace damaged deck seating | $2559.87 | 12 hrs @ $95.00 | $3699.87 |
| Remove and replace damaged starboard side siding | 10' of siding @5.99 per foot $59.90 | 3 hours @ $95.00 | $344.90 |
| Remove and replace port side rail and siding supports | Port side rail 165.00 | 2 hour @ $95.00 | $355.00 |
| Remove and replace damaged | 10' of siding @5.99 per foot | 3 hours @ $95.00 | $344.90 |

Copyright © 2007                                          Oceanis Marine Services Inc.

| | | | |
|---|---|---|---|
| port side siding | $59.90 | | |
| Remove and replace damaged area of plywood decking | $71.00 | 1 ½ hours @ $95.00 | $213.50 |
| Remove and replace damaged deck carpeting | $165.00 | 4 hours@$95.00 | $545.00 |
| Replace bow corners | $39.90 | 1/2 hour@$95.00 | $86.90 |
| Fiberglass damage to steering console | $25.00 | 1 hour@$95.00 | $120.00 |
| Solvent | 3 quarts@ 10.99 | 0 | $32.97 |
| 2 bags of rags | $14.99 | 0 | $29.98 |
| Adhesive for carpeting | 3 gallons @17.99 | | $17.99 |
| Sub-Total | $3,226.51 | $2,565.00 | $5791.01 |
| NJ Tax 7% | | | $405.37 |
| Total | | | $6196.38 |

**Conclusion**
The damage sighted during the inspection of this vessel has occurred as the result of a second vessel striking and flying on top of the insured vessel. As a result the insured vessel sustained a significant amount of damage. The amount needed to repair this vessel exceeds the market value of this vessel. and it should be considered a total constructive loss.
 Please note the pictures of the damage at the conclusion of this report.

**Market Value: $5,440.00**

Copyright © 2007                                    Oceanis Marine Services Inc.

**Valuation Methodology and Limitations**

Appraising a boat is not a precise technology. The current market value given cannot absolutely reflect all the myriad variations influencing the value of a vessel. Unique circumstances influence the variances in market value can occur between two boats of apparently the same design, condition and equipage. The valuations contained in this report solely represent the opinion of the undersigned surveyor. Methods employed in developing these valuations are those recognized by the American Society of Appraisers, leading to an educated, unbiased, defensible opinion. Valuations are developed using some or all of the following resources: commercially published used boat guides (BUC, NADA, ABOS, etc.) commonly accepted marine depreciation schedules; recorded comparable sales and consultations with knowledgeable yacht brokers.

Valuations are provided for the use by underwriters and lenders only and do not constitute any guarantee that these figures are attainable in actual current or future markets. Valuation opinions are subject to variations driven by prevailing economic conditions, both general and those specifically relating to local patterns of competition, consumer intensity, payment terms, etc. Parties having a secured interest in the valuation of the boat should be periodically review the currency of the valuation basis in order to protect their financial interests

**Report Submitted without Prejudice**

*[signature]*

**Charles C. Gruetzner, AMS #928**
**Oceanis Marine Services Inc.**



Copyright © 2007                                      Oceanis Marine Services Inc.



**Photo 1: 1999 Rivera Cruisers Pontoon Boat**



**Photo 2: Hull Identification Number RCD687601899**

Copyright © 2007                    Oceanis Marine Services Inc.



Photo 3: Bow and starboard side rail



Photo 4: Port side of surveyed vessel

Copyright © 2007                                                                 Oceanis Marine Services Inc.



Photo 5: Port side siding



Photo 6: Damaged bow seat on surveyed vessel.

Copyright © 2007                                      Oceanis Marine Services Inc.



Photo 7: Cracked plywood decking



Photo 8: Damaged seating

Copyright © 2007                                           Oceanis Marine Services Inc.

Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN THE MATTER OF THE COMPLAINT

of

TARA A. PINAND, as owner of a 21' 1999
Rivera Cruisers Pontoon Boat for Exoneration
From or Limitation of Liability,

Civil Action No.: 08 CV

Petitioner.                    ***AD INTERIM* SECURITY**

---

**WHEREAS**, Petitioner, TARA A. PINAND as the owner of a 21' 1999 Rivera Cruisers Pontoon Boat (HIN# RCD68761899) ("Pontoon-Style Vessel") is instituting a proceeding in this Court for Exoneration from or Limitation of Liability Act, Title 46 U.S.C. §30501 *et seq.*, for all claims, damages and/or losses arising out of or resulting form a boating accident alleged to have occurred between the Vessel and a pontoon-type boat on or about June 29, 2007, on the navigable waters of Greenwood Lake, Orange County, New York, as described in the Complaint, and

**WHEREAS**, Petitioner wishes to provide this *Ad Interim* Security in the amount of the post-casualty value of the Vessel as security for any and all claims arising from this incident.

**WHEREAS**, the value of Petitioner's interest in the Vessel described above post-casualty, has been fixed at $5,440.00 as appears in **Exhibit A** to the Complaint filed herein; and

**WHEREAS**, Petitioner, wishes to deposit a business check from Sullivan & Strauss Agency, Inc., by and on behalf of SkiSafe insurance, in the amount of $5,440.00 made payable to the Clerk of Court-SDNY and to be held pending this action by the

1

Clerk of the Court, as *Ad Interim* Security for any and all claims arising from the accident; and

**NOW, THEREFORE,** in consideration of the premises, Petitioner shall deposit with the Clerk of this Courts proceeds to be held pending this action a check in the amount of $5,440 made payable to the Clerk of Court-SDNY, the Vessel's value having been determined to be $5,440.00. If the adequacy of the limitation fund is contested by motion, then within thirty (30) days after entry of an Order confirming the report of an independent marine surveyor appointed by the Court to appraise the value of the Vessel, the limitation fund shall be increased or decreased to the independent marine surveyor's value, and Petitioner will file in this proceeding a *revised Ad Interim* Security conforming to such appraised value;

Dated: White Plains, New York
       April 17, 2008

                          Respectfully submitted,

                          **PISCIOTTI, MALSCH & BUCKLEY, P.C.**

                          By: _____
                                Jeffrey M. Malsch (JM 3694)
                                444 Hamilton Avenue, Suite 1102
                                White Plains, New York 10601
                                Telephone: (914) 287-7711
                                Facsimile: (914) 287-7715

## **CERTIFICATE OF SERVICE**

I certify that on April 17, 2008, I served the foregoing on the above and below-listed persons and/or entities by depositing same into the sole possession of the United States Postal Service in a sealed envelope addressed as follows, with postage pre-paid:

Mr. James E. Mercante, Esq. (jmercante@rubinfiorella.com)
RUBIN, FIORELLA & FRIEDMAN LLP
*Attorneys for Petitioner*
292 Madison Avenue, 11th Floor
New York, New York 10017

Mr. Yoon Sang (Robert) Han, Esq. (rhan@rubinfiorella.com)
RUBIN, FIORELLA & FRIEDMAN LLP
*Attorneys for Petitioner*
292 Madison Avenue, 11th Floor
New York, New York 10017

Mr. Thomas P. Giuffra, Esq. (tgiuffra@bartonesq.net)
BARTON BARTON & PLOTKIN, LLP
*Attorneys for Angela Norcia*
420 Lexington Avenue
New York, New York 10170

Mr. Joseph P. Petrizzo, Esq.
DePROSPO, PETRIZZO & LONGO
*Attorneys for Frank J. Dieber, Jr.*
42 Park Place
Goshen, New York 10924

_____
Jeffrey M. Malsch (JM 3694)