8149/af

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In the Matter of the Complaint of

TARA A. PINAND, as owner of a 21' 1999 Rivera Cruisers Pontoon Boat for Exoneration from or Limitation of Liability

Petitioner

---

Index No. 08 CV 3686

**ANSWER TO THE COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

ANGELA NORCIA, by her attorneys, BARTON BARTON & PLOTKIN, LLP as and for her Answer to the Complaint of the Petitioner, alleges as follows upon information and belief:

1)   Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated 3, 9, 10, 14, 15 and 19 of the Complaint.

2)   Denies each and every allegation contained in paragraphs designated 8, 12, 13, 17 and 18 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

3)   The petitioner, TARA A. PINAND, as owner of the MV 1999 Rivera Cruisers Pontoon Boat is not entitled to the benefits of Limitation conferred by 46 U.S.C. §§ 183-186 and 188 and the various statutes supplemental thereto and amendatory thereof, and claimant contests the right to make such a claim as part of this proceeding.

### SECOND AFFIRMATIVE DEFENSE

4) The petitioner, TARA A. PINAND, as owner of the MV 1999 Rivera Cruisers Pontoon Boat is not entitled to the benefits of Exoneration conferred by 46 U.S. C. §§ 183-186 and 188 and the various statutes supplemental thereto and amendatory thereof, and claimant contests the right to make such a claim as part of this proceeding.

### THIRD AFFIRMATIVE DEFENSE

5) The 1999 Rivera Cruisers Pontoon Boat was not a "Seagoing Vessel" as defined by 46 U.S.C. §§ 181 et. seq. and is not entitled to the benefits of Limitation conferred by 46 U.S.C. §§183-189 and the various statutes supplemental thereto and amendatory thereof.

### FOURTH AFFIRMATIVE DEFENSE

6) That the petitioner TARA A. PINAND has undervalued the value of the vessel. Claimant reserves the right to contest the valuation and require the petitioner to immediately increase the amount of security posted. FRCP, Supp. Rule F(7).

### FIFTH AFFIRMATIVE DEFENSE

7) Any and all damages were caused through the fault, culpable conduct, negligence and carelessness of the petitioner, TARA A. PINAND, with the express and implied privity and knowledge of the petitioner.

### SIXTH AFFIRMATIVE DEFENSE

8) Any and all damages were caused through the reckless, wanton and willful conduct of TARA A. PINAND with the express and implied privity and knowledge of TARA A. PINAND.

### SEVENTH AFFIRMATIVE DEFENSE

9) The petitioner cannot file for Limitation of Liability in this case as it is not an intended beneficiary of 46 U.S.C. §§ 183-189 and the various statutes supplemental thereto and amendatory thereof, as the enactment of this provision in admiralty was intended to promote maritime commerce through the carriage of goods by sea and was not intended to apply to a recreational boat.

### EIGHTH AFFIRMATIVE DEFENSE

10) The claimant herein invokes the "Pennsylvania Doctrine" (86 U.S. 125 Sup. Ct. 1874) which shifts the burden to the petitioner to prove that the statutory violations did not or could not cause the accident.

### NINTH AFFIRMATIVE DEFENSE

11) The claimant hereby includes and incorporates by reference, as Affirmative Defenses to be included as part of this Answer to the Complaint for Limitation of Liability of the Petitioner as owner of the 1999 Rivera Cruisers Pontoon Boat the allegations contained within the claimant's claim for damages which is being filed simultaneously with this Answer and made a part hereto.

WHEREFORE, it is respectfully requested that Petition for Limitation of Liability be denied in all respects; that the claimant be permitted to prosecute her claims for damages against the petitioner without a cap on the amount of damages; for the attorneys fees, costs and disbursements of defending the Limitation proceeding; and for such other and further relief as

may seem just and proper.

Dated: New York, New York
   April 29, 2008

             Yours, etc.
             BARTON BARTON & PLOTKIN, LLP
             Attorneys for Claimant ANGELA NORCIA

             By:_____
               Thomas P. Giuffra (TG1274)
             420 Lexington Avenue
             New York, NY  10170
             (212) 687-6262

TO:

PISCIOTTI, MALSCH & BUCKLEY, P.C.
Attorneys for Petitioner TARA PINAND
444 Hamilton Avenue
Suite 1102
White Plains, NY  10601

RUBIN FIORELLA & FRIEDMAN, LLP
Attorneys for FRANK DIEBER, SR.
292 Madison Avenue
New York, NY  10017

DEPROSPO PETRIZZO & LONGO
Attorneys for FRANK DIEBER, JR.
42 Park Place
Goshen, NY  10924

AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                                              ss.:
COUNTY OF NEW YORK    )

Alison Fumo, being duly sworn, deposes and says: Deponent is not a party to this action and is over the age of eighteen years and resides in Old Bridge, NJ.

That on April 29, 2008, at 420 Lexington Avenue, New York, New York 10170, deponent served the within ANSWER TO THE COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY upon:

PISCIOTTI MALSCH & BUCKLEY, P.C.
Attorneys for Petitioner TARA PINAND
444 Hamilton Avenue
Suite 1102
White Plains, NY  10601

RUBIN FIORELLA & FRIEDMAN, LLP
Attorneys for Petitioner FRANK DIEBER AND FRANK DIEBER, JR.
292 Madison Avenue
New York, NY  10017

DEPROSPO PETRIZZO & LONGO
Attorneys for FRANK DIEBER, JR.
42 Park Place
Goshen, NY  10924

by delivering a true cop(ies) to said defendant(s) in a post-paid properly addressed sealed envelope in the exclusive care and custody of the United States Postal Service.

_____
Alison Fumo

Sworn to before me this
29TH day of April 2008

_____
Notary Public

Victoria Tochin
Notary Public-State of New York
No.: 01TO6132279
Qualified in New York County
Commission Exp. Aug 22, 2009