8149/af

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of the Complaint of

TARA A. PINAND, as owner of a 21' 1999 Rivera Cruisers Pontoon Boat for Exoneration from or Limitation of Liability

Petitioner

Index No. 08 CV 3686

**CLAIMS PURSUANT TO FED. R. CIV. P. SUPP. RULE F(5)**

The claimant, ANGELA NORCIA, by her attorneys, BARTON BARTON & PLOTKIN, LLP, pursuant to Rule F(5) of the Supplemental Rules for Certain Admirality and Maritime Claims of the Federal Rules of Civil Procedure, and without prejudice to her right to seek a trial by jury of all claims, respectfully avers and alleges as follows:

### CLAIM I

1. This is an admiralty or maritime claim within the meaning of Fed. R. Civ. P. 9(h).

2. That at all times hereinafter mentioned, the claimant ANGELA NORCIA was a passenger on Petitioner's 1999 Rivera Cruisers Pontoon boat being operated on Greenwood Lake, in the Town of Greenwood Lake, County of Orange, State of New York.

3. That the aforesaid pontoon cruiser was tight, staunch and well found and manned with a crew of one. That on or about the 30th day of June, 2007, within the navigable waters of

Greenwood Lake, the claimant was aboard the aforesaid pontoon which was floating in Greenwood Lake.

4. At said time, claimant ANGELA NORCIA witnessed a 1988 20-foot Formula SR1 vessel owned by FRANK J. DIEBER and operated by FRANK J. DIEBER, JR. at or about 500 feet from claimant's location.

5. At said time, the 1988 20-foot Formula SR1 vessel appeared to be traveling at a high rate of speed.

6. The 1988 20-foot Formula SR1 vessel made no turns, did not reduce speed, and was on a collision course with claimant's vessel, the 1999 Rivera Cruisers Pontoon. The 1988 20-foot Formula SR1 boat was quickly coming upon claimant, and claimant feared for life and limb.

7. The 1999 Cruisers Pontoon boat was not adequately and appropriately equipped with running lights, radar reflectors or other devices which therefore, made the vessel unseaworthy.

8. The 1988 20-foot Formula SR1 vessel failed to observe the 1999 Rivera Cruisers Pontoon boat and struck said pontoon, going up and over the front bow and striking and injuring several passengers/persons on board, including the claimant ANGELA NORCIA.

9. Thereafter claimant ANGELA NORCIA was rendered sick, sore, lame, disabled and injured; claimant witnessed great carnage aboard the pontoon vessel; and claimant witnessed the horrid and unspeakable injuries and destruction on board said pontoon.

10. As a result of the aforesaid incident, claimant ANGELA NORCIA was caused to sustain devastating serious, severe and permanent personal injuries; she was caused to fear for her own life and limb; and she was caused to suffer severe mental, psychological and emotional

trauma. Claimant was further caused to suffer severe mental, psychological and emotional trauma; trauma to her body and nervous system and well being upon witnessing the wreck of the pontoon; and claimant was and continues to be severely affected by the aforesaid events and happenings up to this day.

WHEREFORE, claimant ANGELA NORCIA demands judgment in the amount of TEN MILLION ($10,000,000.00) DOLLARS against TARA A. PINAND, and an additional awarding of punitive damages against TARA A. PINAND; and it is further,

That claimant's right to trial by jury be preserved with respect to all claims asserted by claimant; that the claims filed in this action by claimant be allowed; that claimant be awarded pre-judgment interest and costs of suit; that TARA A. PINAND's right to exoneration and/or limitation of liability be denied; and that the claimant have such other, further and different relief as this Court deems just and proper.

Dated: New York, New York
       April 28, 2008

                                              Yours, etc.
                                              BARTON BARTON & PLOTKIN, LLP
                                              Attorneys for Claimant ANGELA NORCIA

                                              By: _____
                                                  Thomas P. Giuffra (TG1274)
                                              420 Lexington Avenue
                                              New York, NY  10170
                                              (212) 687-6262

TO:

PISCIOTTI MALSCH & BUCKLEY, P.C.
Attorneys for Petitioner TARA PINAND
444 Hamilton Avenue
Suite 1102
White Plains, NY  10601

RUBIN FIORELLA & FRIEDMAN, LLP
Attorneys for Petitioner FRANK DIEBER AND FRANK DIEBER, JR.
292 Madison Avenue
New York, NY 10017

DEPROSPO PETRIZZO & LONGO
Attorneys for FRANK DIEBER, JR.
42 Park Place
Goshen, NY 10924

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK              )
                                                  ss.:
COUNTY OF NEW YORK        )

    Alison Fumo, being duly sworn, deposes and says: Deponent is not a party to this action and is over the age of eighteen years and resides in Old Bridge, NJ.

    That on April 29, 2008, at 420 Lexington Avenue, New York, New York 10170, deponent served the within CLAIM upon:

PISCIOTTI MALSCH & BUCKLEY, P.C.
Attorneys for Petitioner TARA PINAND
444 Hamilton Avenue
Suite 1102
White Plains, NY  10601

RUBIN FIORELLA & FRIEDMAN, LLP
Attorneys for Petitioner FRANK DIEBER AND FRANK DIEBER, JR.
292 Madison Avenue
New York, NY  10017

DEPROSPO PETRIZZO & LONGO
Attorneys for FRANK DIEBER, JR.
42 Park Place
Goshen, NY  10924

by delivering a true cop(ies) to said defendant(s) in a post-paid properly addressed sealed envelope in the exclusive care and custody of the United States Postal Service.

_____
Alison Fumo

Sworn to before me this
29TH day of April 2008

_____
Notary Public

Victoria Tochin
Notary Public-State of New York
No. 01TO6132278
Qualified in New York County
Commission Exp. Aug 22, 2009